**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Francisca Sandoval, Ines Hernandez,
Miriam Pachecho, Eva Reyes,
Arminda Gomez, Nidia Guerrero,
Lucila Marquez, Maria Perez,
Azucena Garcia, Estela Laureano, and
Marlene Giron,

                        Plaintiffs,

                                              Civ. No. 06-1772 (RHK/JSM)
                                              **MEMORANDUM OPINION**
                                              **AND ORDER**

v.


American Building Maintenance
Industries, Inc., and American Building
Maintenance Co. of Kentucky,

                        Defendants.

Maurice W. O'Brien, Brendan D. Cummins, Justin D. Cummins, Kelly A. Jeanetta, Miller O'Brien, P.L.L.P., Minneapolis, Minnesota, for Plaintiffs.

Nancy E. Brasel, Jacqueline A. Mrachek, Greene Espel, P.L.L.P., Minneapolis, Minnesota, for Defendants.

**INTRODUCTION**

Plaintiffs[1] in this action have sued Defendant American Building Maintenance Industries, Inc. ("ABMI"), alleging sexual harassment and other employment-related claims. Several months after they filed the original Complaint, they filed an Amended Complaint adding American Building Maintenance Co. of Kentucky ("ABM Kentucky") as a defendant. ABM Kentucky now moves to dismiss or, in the alternative, for summary judgment on the ground that the Amended Complaint was filed more than ninety days after Plaintiffs received their right-to-sue letters from the EEOC. For the reasons set forth below, the Court will grant ABM Kentucky's Motion.

**BACKGROUND**

Because the timing of events is necessary for a complete understanding of ABM Kentucky's Motion, a chronology is set forth in detail below.

Prior to the instant lawsuit, each Plaintiff filed charges of discrimination against ABMI with the Equal Employment Opportunity Commission ("EEOC") and the Minnesota Department of Human Rights ("MDHR"). (Am. Compl. at ¶¶ 8, 15, 22, 29, 36, 43, 50, 57, 64, 71, 78.) On May 2, 2006, eight of these Plaintiffs[2] (hereinafter referred to collectively as the "Original Plaintiffs") requested permission to withdraw the charges and sought "right-to-sue" letters from the EEOC. (First Brasel Aff. Ex. A.) By May 11, 2006, each of

---

[1] Francisca Sandoval, Ines Hernandez, Miriam Pachecho, Eva Reyes, Arminda Gomez, Nidia Guerrero, Lucila Marquez, Maria Perez, Azucena Garcia, Estela Laureano, and Marlene Giron (hereinafter referred to collectively as "Plaintiffs").

[2] Sandoval, Hernandez, Pachecho, Reyes, Gomez, Guerrero, Marquez and Perez.

the Original Plaintiffs had been issued a right-to-sue letter by the EEOC.[3]  The right-to-sue letters advised the recipients that any "lawsuit under Title VII or the ADA **must be filed in federal or state court WITHIN 90 DAYS of . . . receipt of this Notice** or [the] right to sue based on this charge will be lost."  (Id. Ex. B (emphasis in original).)  The MDHR also provided each Original Plaintiff with written notice of the right to pursue a private civil action within 90 days of notifying the Minnesota Human Rights Commissioner of the intention to do so.  (Id.)

On May 15, 2006, the Original Plaintiffs commenced this action against ABMI, a/k/a ABM Industries Incorporated, d/b/a ABM Janitorial Services.  The Complaint did not mention, name or otherwise identify ABM Kentucky.

On June 28, 2006, Defendants' counsel telephoned Plaintiffs' counsel and informed him that ABM Kentucky was the employer of each of the Original Plaintiffs.  (First Brasel Aff. ¶¶ 2, 3.)[4]  During that conversation, Plaintiffs' counsel requested "validation" that ABM Kentucky was each Original Plaintiff's employer, which Defendants' counsel agreed to provide.  (O'Brien Aff. ¶ 3; First Brasel Aff. ¶ 3.)  Plaintiffs' counsel then accessed the Minnesota Secretary of State's website, which disclosed that ABM Kentucky's

---

[3] The Original Plaintiffs were issued their right-to-sue letters on the following dates: Marquez, May 2, 2006; Pachecho and Guerrero, May 3, 2006; Perez, May 4, 2006; and Gomez, Hernandez, Reyes and Sandoval, May 11, 2006.  (Am. Compl. ¶¶ 51, 23, 44, 58, 37, 16, 30, 9.)

[4] ABM Kentucky is a wholly-owned subsidiary of ABM Janitorial Services, which is a wholly-owned subsidiary of ABMI.  (Ans. ¶ XLV.)  Defendants' counsel represents each of these entities.

authorization to do business in Minnesota had been revoked on January 31, 2006. (Luger-Nikolai Aff. ¶ 2 & Ex. 1.)

On June 29, 2006, Defendants' counsel wrote Plaintiffs' counsel, again represented that the Original Plaintiffs were employed by ABM Kentucky, and offered Plaintiffs the opportunity to amend the Complaint and add ABM Kentucky as a defendant before ABMI filed its Answer. (First Brasel Aff. Ex. C.) In response, Plaintiffs' counsel requested further "validation" that ABM Kentucky was each Original Plaintiff's employer; Defendants' counsel responded by stating that she had provided all of the information that she had "so that [he] could make a decision on an amendment." (Id. Ex. D.) Plaintiffs did not amend the Complaint at that time and, on June 30, 2006, ABMI filed its Answer.

On July 28, 2006, Plaintiffs' counsel sent Defendants' counsel a proposed Stipulation to add ABM Kentucky as a defendant. (Id. Ex. E.) Defendants' counsel agreed to the addition of ABM Kentucky as a defendant but requested that the Stipulation include a provision that the parties had not agreed that the Amended Complaint would relate back to the date of the filing of the original Complaint. (Id. Ex. F.) Plaintiffs' counsel accepted this language with slight modifications.[5] (Id.; Cummins Aff. Ex. 38.) On August 9, 2006, Defendants' counsel agreed to Plaintiffs' proposed modifications and offered to sign the Stipulation. (First Brasel Aff. Ex. G.)

---

[5] Ultimately, the Stipulation provided that "[n]othing in this Stipulation constitutes an agreement that any amendment to the Complaint does or does not relate back to the date of the original Complaint." (First Brasel Aff. Ex. G.)

On August 11, 2006, Plaintiffs' counsel indicated for the first time that the proposed Amended Complaint also would add three plaintiffs[6] (hereinafter referred to as the "Additional Plaintiffs") and that he was waiting to amend until he received those plaintiffs' right-to-sue letters. (First Brasel Aff. Ex. H.) To avoid additional delay, Defendants' counsel offered Plaintiffs the option of "amend[ing] to add [ABM Kentucky] and amend[ing] again to add plaintiffs later." (Id.) Plaintiffs' counsel rejected this proposal, instead stating that he intended to add the additional plaintiffs and ABM Kentucky in a single motion. (Id.)

On September 1, 2006, Plaintiffs' counsel sent Defendants' counsel a draft Stipulation and Amended Complaint that (1) added ABM Kentucky as a defendant, (2) added the Additional Plaintiffs, and (3) modified the Complaint's factual allegations. (Id. Ex. I.) Defendants' counsel requested that further modifications be made to the Stipulation's language; Plaintiffs' counsel made these modifications and, on September 11, 2006, returned the Stipulation to Defendants' counsel for execution. (Cummins Aff. Ex. 40.) On September 12, 2006, Defendants' counsel executed the Stipulation, and Plaintiffs filed it the following day. (Id.; Cummins Aff. Ex. 41.) On September 15, 2006, Plaintiffs filed the Amended Complaint. This motion followed.

---

[6] Garcia, Laureano, and Giron. (First Brasel Aff. Ex. I.) Apparently, for reasons that have not been explained to the Court, the Additional Plaintiffs did not request right-to-sue letters at the same time as the Original Plaintiffs. Also, the Additional Plaintiffs' right-to-sue letters have not been submitted to the Court, although the parties do not appear to dispute that they were issued after August 11, 2006.

**STANDARD OF DECISION**

Summary judgment[7] is proper if, drawing all reasonable inferences favorable to the non-moving party, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); Celotex Corp. v. Cattrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50  (1986). The moving party bears the burden of showing that the material facts in the case are undisputed.  See Celotex, 477 U.S. at 322; Mems v. City of St. Paul Dep't of Fire & Safety Servs., 224 F.3d 735, 738 (8th Cir. 2000).  The court must view the evidence, and the inferences that may be reasonably drawn from it, in the light most favorable to the non-moving party.  See Graves v. Ark. Dep't of Fin. & Admin., 229 F.3d 721, 723 (8th Cir. 2000); Calvit v. Minneapolis Pub. Schs., 122 F.3d 1112, 1116 (8th Cir. 1997).  The non-moving party may not rest on mere allegations or denials, but must show through the presentation of admissible evidence that specific facts exist creating a genuine issue for trial.  See Anderson, 477 U.S. at 256; Krenik v. County of Le Sueur, 47 F.3d 953, 957 (8th Cir. 1995).

**ANALYSIS**

BM Kentucky argues that the claims against it should be dismissed because it was added as a Defendant more than ninety days after each Plaintiff received her right-to-sue

---

[7] ABM Kentucky brings this Motion as a motion to dismiss, or in the alternative, for summary judgment.  Because the Court relies on affidavits and other documents beyond the pleadings, it will construe the Motion as one for summary judgment.  See Blair v. Wills, 420 F.3d 823, 827 (8th Cir. 2005); Fed. R. Civ. P. 12(b).

letter. (Mem. in Supp. at 7-8.) Under Title VII, a plaintiff must bring an action against a defendant within ninety days of receipt of a "right-to-sue" letter from the EEOC. 42 U.S.C. § 2000e-5(f)(1); Williams v. Thomson Corp., 383 F.3d 789, 790-91 (8th Cir. 2004). Similarly, a plaintiff must bring an action under the MHRA within ninety days of notifying the Commissioner of the Minnesota Department of Human Rights of his or her intention to do so. Minn. Stat. § 363A.33, subd. 1.

At the outset, the Court notes that the Additional Plaintiffs brought their claims within the statutory time period. As noted above, the parties do not dispute that these Plaintiffs received their right-to-sue letters between August 11, 2006, and September 1, 2006. Accordingly, these claims are not time-barred and their claims will not be dismissed.

As for the Original Plaintiffs, their right-to-sue letters were all dated on or before May 11, 2006, and each was received on or before May 15, 2006.[8] Accordingly, the 90-day period began running for the last of the Original Plaintiffs on May 15, 2006, and had expired by August 13, 2006, more than one month before ABM Kentucky was added as a defendant in the Amended Complaint. Accordingly, the claims appear time barred. Plaintiffs, however, raise several arguments in an attempt to save their claims, but none is persuasive.

---

[8] Several EEOC letters are stamped with the dates on which they were received. (See First Brasel Aff. Ex. B.) For the letters that do not contain such a stamp, the Court assumes that the letters were received three days after they were mailed. See Baldwin County Med. Ctr. v. Brown, 466 U.S. 147, 148 n.1 (1984).

**I.     Equitable Tolling**

Plaintiffs first argue that ABM Kentucky should not be dismissed because the 90-day period is subject to equitable tolling. (Mem. in Opp'n at 13-17.) For equitable tolling to apply, Plaintiffs must show that: 1) ABM Kentucky received timely notice of the claims, 2) ABM Kentucky would not be prejudiced by equitable tolling, and 3) Plaintiffs acted reasonably and in good faith. Pecoraro v. Diocese of Rapid City, 435 F.3d 870, 875 (8th Cir. 2006). Plaintiffs' failure to bring a claim is reasonable if "despite all due diligence, [they are] unable to obtain vital information bearing on the existence of [the] claim." Dring v. McDonnell Douglas Corp., 58 F.3d 1323, 1328 (8th Cir. 1995) (citing Chakonas v. City of Chicago, 42 F.3d 1132, 1135 (7th Cir. 1994)); see also Weathers v. Bean Dredging Corp., 26 F.3d 70, 73 (8th Cir. 1994) (plaintiff is not entitled to equitable relief when he "fail[s] to diligently pursue his rights").

ABM Kentucky concedes that it had notice of Plaintiffs' claims and that it would not be prejudiced by equitable tolling. It argues, however, that Plaintiffs did not act reasonably when they failed to amend the Complaint to include it as a defendant within the limitations period. (See Reply Mem. at 11-15.) The thrust of ABM Kentucky's argument is that Plaintiffs had been put on notice that ABM Kentucky was the employer and they failed to act diligently and add it as a defendant in a timely manner.

Plaintiffs argue that it was reasonable for them not to amend the Complaint either before the Answer was filed or shortly thereafter. They assert that during the period before the Answer was filed it was impossible for them to have known that ABM Kentucky was

their employer because (1) Defendants' counsel never provided them with documentation "validating" that ABM Kentucky was their employer, and (2) Plaintiffs' independent investigation established that, at the time they obtained their right-to-sue letters, ABM Kentucky was not authorized to conduct business in Minnesota. (Mem. in Opp'n at 15-16.)

These facts, however, do not provide a reasonable basis for Plaintiffs' failure to amend the Complaint to include ABM Kentucky as a defendant. The failure to meet a statutory filing deadline is reasonable if, despite a plaintiff's diligence, the delay is caused by "circumstances truly beyond [plaintiff's] control." Pecoraro, 435 F.3d at 875 (citing Hill v. John Chezik Imps., 869 F.2d 1122, 1124 (8th Cir. 1989)). In the instant case, Defendants' counsel specifically, and unequivocally, informed Plaintiffs that ABM Kentucky was their employer. Furthermore, upon Plaintiffs' request for "validation," Defendants' counsel provided Plaintiffs' counsel with a letter asserting that ABM Kentucky was Plaintiffs' employer and suggesting that Plaintiffs file an Amended Complaint before the Answer was filed. (First Brasel Aff. Ex. C.) Plaintiffs, therefore, were put on notice that ABM Kentucky was a proper defendant. Accordingly, Plaintiffs' failure to file the Amended Complaint before the Answer was filed was fully within its control and its failure to do so does not entitle it to equitable tolling.[9]

---

[9] Plaintiffs' counsel also appear to argue that their failure to amend the Complaint resulted from their inability to satisfy their pre-investigation requirements under Rule 11 of the Federal Rules of Civil Procedure. (See Mem. in Opp'n at 15.) However, ABM Kentucky's admission, through its counsel, that it was a proper defendant was sufficient to satisfy Plaintiffs' Rule 11 pre-investigation requirement. See Brubaker v. City of Richmond, 943 F.2d 1363, 1373 (4th Cir. 1991) ("To be reasonable, the prefiling factual

Plaintiffs also argue that, after the Answer was filed, Defense counsels' requests to alter the language of the Stipulation prevented them from meeting the statutory deadline. (See Mem. in Opp'n at 16-17.) This argument fails for three reasons. First, Plaintiffs did not submit a proposed Stipulation to Defendants's counsel until July 28, 2006, one month after they were informed that ABM Kentucky was their employer. Accordingly, any delay potentially created by Defendants' requests for additional language occurred after Plaintiffs had neglected to act for one month on the amendment. Second, the record demonstrates that Plaintiffs also requested modifications to the Stipulation's language. (See First Brasel Aff. Ex. F; Cummins Aff. Ex. 38.) Plaintiffs, therefore, contributed to the delay in filing the Amended Complaint. Third, the parties agreed to the Stipulation's language on August 9, 2006, several days before the statute of limitations expired for at least four of the plaintiffs. On that day, Defendants' counsel offered Plaintiffs the option to immediately amend to add ABM Kentucky as a defendant and amend at a later time to add the Additional Plaintiffs. (First Brasel Aff. Ex. H.) Plaintiffs' counsel, however, decided not to file the Stipulation until new plaintiffs could be added in the same amendment. Accordingly, Plaintiffs' failure to add ABM Kentucky as a defendant during the statutory period was due to conscious and informed decisions by Plaintiffs and they are not entitled to equitable tolling.

---

investigation must uncover some information to support the allegations in the complaint. A complaint containing allegations unsupported by *any* information obtained prior to filing violate[s] the required prefiling factual investigation.") (emphasis in original).

**II.    Relation Back**

Plaintiffs also argue that the statute of limitations does not bar their claims against ABM Kentucky because the addition of ABM Kentucky as a defendant "relates back" to the original Complaint. "An amendment to a pleading relates back to the date of the original pleading if the party has received notice of the action so it will not be prejudiced in maintaining a defense on the merits, and if the party knew or should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against this party in the first instance." Shea v. Evensten, 208 F.3d 712, 720 (8th Cir. 2000) (citing Fed. R. Civ. P. 15(c)). Plaintiffs argue that the Amended Complaint relates back because ABM Kentucky was on notice that it should have been named as a party in the original Complaint. (Mem. in Opp'n at 18-22.)

ABM Kentucky does not dispute that it knew that it should have been named as a defendant in the original Complaint and that it would not be prejudiced in maintaining a defense on the merits. (Mem. in Supp. at 9 n.6.) It argues, however, that Plaintiffs did not make a "mistake concerning the identity of the proper party." (Mem. in Supp. at 11-15.) As noted above, Rule 15(c) permits an Amended Complaint to relate back "only in cases involving 'a mistake concerning the identity of the proper party.'" Nelson v. Adams USA, Inc., 529 U.S. 460, 467 n.1 (2000) (citing Fed. R. Civ. P. 15(c)). When a plaintiff learns, before the expiration of the statute of limitations, that another party may be liable for its claims and fails to add that party as a defendant, its failure to do so is not a mistake under Rule 15(c). See Shea, 208 F.3d at 720.

In the instant case, Plaintiffs' decision not to add ABM Kentucky as a defendant was not the product of a "mistake concerning the identity of the proper party."  Defendants' counsel informed Plaintiffs' counsel nearly two months before the statute of limitations expired that ABM Kentucky was a proper defendant.  For one month, Plaintiffs did not take action to amend the Complaint; when they finally did so, they engaged in negotiations over the Stipulation's language and eventually decided not to file the Amended Complaint until more plaintiffs could be added in the same amendment.  Plaintiffs' failure to add ABM Kentucky within the limitations period, therefore, was not a "mistake concerning the identity of the proper party" and Plaintiffs' Amended Complaint does not relate back to the original Complaint.

Accordingly, the Original Plaintiffs did not add ABM Kentucky as a defendant within the statute of limitations period and the Court will dismiss the claims against it by these eight Plaintiffs.

## CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, it is **ORDERED** that Defendant American Building Maintenance Co. of Kentucky's Motion for Summary Judgment (Doc. No. 35) is **GRANTED IN PART** and **DENIED IN PART**. Specifically, Defendant's Motion is **GRANTED** with respect to Plaintiffs Francisca Sandoval, Inez Hernandez, Miriam Pachecho, Eva Reyes, Arminda Gomez, Nidia Guerrero, Lucila Marquez and Maria Perez and these Plaintiffs' Amended Complaint against American Building Co. of Kentucky (Doc. No. 25) is **DISMISSED WITH PREJUDICE**.

Defendant American Building Maintenance Co. of Kentucky's Motion is **DENIED** with respect to Plaintiffs Azucena Garcia, Estela Laureano and Marlene Giron.

Dated: January 17, 2007

                s/Richard H. Kyle
                RICHARD H. KYLE
                United States District Judge