## UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

| | |
|---|---|
| FRANCISCA SANDOVAL, INES HERNANDEZ, MIRIAM PACHECHO, EVA REYES, ARMINDA GOMEZ, NIDIA GUERRERO, LUCILA MARQUEZ, MARIA PEREZ, AZUCENA GARCIA, ESTELA LAUREANO, and MARLENE GIRON, | Civil No. 06-1772 (JRT/JSM) |
| Plaintiffs, | |
| v. | **ORDER GRANTING PLAINTIFFS' MOTION FOR COURT REVERSAL OF THE CLERK'S TAXATION OF COSTS** |
| AMERICAN BUILDING MAINTENANCE INDUSTRIES, INC, *also known as* ABM Industries, Incorporated d/b/a ABM Janitorial Services, and AMERICAN BUILDING MAINTENANCE CO. OF KENTUCKY, | |
| Defendants. | |

Justin D. Cummins, Brendan D. Cummins, Kelly A. Jeanetta, M. William O'Brien, and Francis P. Rojas, **MILLER O'BRIEN CUMMINS, PLLP**, 120 South Sixth Street, Suite 2400, Minneapolis, MN 55402, for plaintiffs.

Kathryn Mrkonich Wilson and Holly M. Robbins, **LITTLER MENDELSON, PC**, 80 South Eighth Street, Suite 1300, Minneapolis, MN 55402-2136; and Joel D. O'Malley and Robert R. Reinhart, **DORSEY & WHITNEY LLP**, 50 South Sixth Street, Suite 1500, Minneapolis, MN 55402-1498, for defendants.

This case is before the Court on plaintiffs' motion requesting a reversal of the

Clerk's taxation of costs against them after the Court granted defendants' motion for

summary judgment.  The Clerk assessed costs in the amount of $72,759.21,[1] based on allowable costs outlined in 28 U.S.C. § 1920.  Plaintiffs argue they are of limited means and request the Court exercise its discretion under Federal Rule of Civil Procedure 54(d) and reverse the Clerk's taxation of any and all costs.  (Docket No. 272.)  While asserting they are entitled to the costs, defendants have represented to the Court that they do not oppose a reversal of the Clerk's taxation.  (Letter, Docket No. 277.)

The decision to tax costs lies within the discretion of the trial court.  "Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d).  It is phrased permissively because Rule 54(d) generally grants a federal court discretion to refuse to tax costs in favor of the prevailing party." *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987).  Given the presumption that the prevailing party is entitled to costs, "the district court must provide a rationale for denying the prevailing party's claim for costs."  *Thompson v. Wal-Mart Stores, Inc.*, 472 F.3d 515, 517 (8th Cir. 2006).  The Court finds defendants' lack of opposition to the motion and plaintiffs' demonstrated inability to pay sufficient justification to reverse the assessment of the Clerk.  *See Rivera v. City of Chi.*, 469 F.3d 631, 634 (7th Cir. 2006) ("Although Rule 54 does not specifically mention indigence, the rule . . . certainly does not prohibit a district court from considering indigence when assigning costs to a losing party.").  As a result, the Court reverses the Clark's taxation of costs.

---

[1] Defendants' Bill of Costs claimed $86,725.75 in costs of which the Clerk found $72,759.21 allowable by statute.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiffs' Motion for Court Reversal of the Clerk's Taxation of Costs [Docket No. 272] is **GRANTED**.   The Cost Judgment [Docket No. 271] is **REVERSED**.

DATED: August 16, 2011                       _____s/ John R. Tunheim_____
at Minneapolis, Minnesota.                          JOHN R. TUNHEIM
                                              United States District Judge